J-S84011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SANFORD WILLIAMS, | |
| Appellant | No. 2186 EDA 2018 |

Appeal from the Order Entered June 21, 2018
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001556-2016

BEFORE:  BENDER, P.J.E., OTT, J., and FORD ELLIOT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 04, 2019**

Appellant, Sanford Williams, appeals from the order entered June 21, 2018 that granted in part, and denied in part, his "Motion for Return of Property."[1]  After careful review, we affirm.

Appellant sets forth the following factual summary in his brief:

> [Appellant] was arrested on July 4, 2016[,] and charged with multiple counts … related to a Burglary.  On September 28, 2016, [Appellant] entered into a guilty plea to Conspiracy to Commit Burglary - Not Adapted for Overnight Accommodations, No Person Present.  On November 29, 2016, [Appellant] was sentenced to twenty-four to forty-eight months[' incarceration,] with time credit from July 4, 2016.  Thereafter, an appeal to the Superior Court of Pennsylvania was filed and the sentence was

---

[1] We observe that "[b]oth this Court and the Commonwealth Court have jurisdiction to decide an appeal involving a motion for the return of property filed pursuant to Pa.R.Crim.P. 588." ***Commonwealth v. Durham***, 9 A.3d 641, 642 (Pa. Super. 2010) (citations omitted).

J-S84011-18

affirmed on [January 11, 2018]. [**Commonwealth v. Williams**, 183 A.3d 1045 (Pa. Super. 2018) (unpublished memorandum).]

[Appellant] then filed a [Motion] for Return of Property on May 17, 2018, which is the [motion] at issue presently. The Pocono Township Police Department seized certain items from [Appellant's] vehicle and person while executing an arrest.

Among the items seized from [Appellant's] vehicle were one black newsboy hat, a Kyocera cell phone, [o]ne-[h]undred [f]orty-[s]ix [d]ollars … ($146.00), one metal flashlight, [f]our[-][h]undred [t]hirteen [d]ollars … ($413.00), one yellow pry bar, one Eveready flashlight, two pairs of pliers, two screwdrivers, and one large duffle bag.

Among the items seized from [Appellant's] person were one pair of white K-Swiss sneakers, size twelve, a black leather belt, a black Phat Farm button-up shirt, [o]ne-[h]undred [t]en [d]ollars … ($110.00), a New Jersey [d]river's [l]icense, one black mini flashlight, and a Timex watch.

…

After a court proceeding, the court granted in part and denied in part said [motion]. The court did order the release of $113.84[,] which was destroyed and unusable[,] but [the court] denied the remaining requests. During said hearing, the Commonwealth indicated that $573.89 was unilaterally given to the alleged victim … and all remaining property was destroyed. No reimbursement to [Appellant] was given. This appeal then was timely filed.

Appellant's Brief at 6-7.

Appellant timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the court filed a Rule 1925(a) opinion on August 28, 2018. Herein, Appellant sets forth seven issues in his Statement of the Questions Involved. However, in his Argument, he only presents one, undivided discussion that addresses the

overarching claim that the trial court erred by denying, in part, his motion for the return of property.

In assessing Appellant's challenge to the court's decision, we note at the outset "that the standard of review applied in cases involving petitions for forfeiture and motions for the return of property is for an abuse of discretion." *Beaston v. Ebersole*, 986 A.2d 876, 880 (Pa. Super. 2009) (citation omitted). Additionally:

> Pennsylvania Rule of Criminal Procedure 588, concerning motions for the return of property, reads as follows:
>
> **Motion for Return of Property**
>
>> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>>
>> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.
>
> Pa.R.Crim.P. 588(A) and (B). The Commonwealth Court has explained the application of [Rule] 588 as follows:
>
>> Under this rule, on any motion for return of property, the moving party must establish by a preponderance of the evidence entitlement to lawful possession. Once that is established, unless there is countervailing evidence to defeat the claim, the moving party is entitled to the return of the identified property. A claim for return of property can be defeated in two ways: an opposing party can establish that it, not the moving party, is entitled to lawful possession to the property or the Commonwealth can seek forfeiture

- 3 -

claiming that property for which return is sought is derivative contraband. ***Commonwealth v. Crespo***, 884 A.2d 960 (Pa. Cmwlth. 2005). To meet its burden to defeat the motion for return of property, the Commonwealth must make out more than simply demonstrating that the property was in the possession of someone who has engaged in criminal conduct. It must establish a specific nexus between the property and the criminal activity. ***Commonwealth v. Howard***, … 713 A.2d 89 ([Pa.] 1998); ***Commonwealth v. 2001 Toyota Camry***, 894 A.2d 207 (Pa. Cmwlth. 2006). When the Commonwealth sustains that burden, the burden of proof shifts to the property owner to disprove the Commonwealth's evidence or establish statutory defenses to avoid forfeiture.

***Singleton v. Johnson***, 929 A.2d 1224, 1227 (Pa. Cmwlth. 2007) (*en banc*) (emphasis added).

***Ebersole***, 986 A.2d at 880-81 (emphasis omitted).[2]

Here, after reviewing the record of the hearing conducted on Appellant's motion for return of property, we discern no abuse of discretion in the court's ruling on that motion. First, the only specific property discussed at any length at the hearing was the $573.89 recovered from Appellant's vehicle, and the $113.84 that he had on his person when he was arrested.[3] In regard to the

---

[2] As the ***Ebersole*** Court recognized, "decisions rendered by the Commonwealth Court are not binding on this Court." ***Ebersole***, 986 A.2d at 881 (citing ***Commonwealth v. Thomas***, 814 A.2d 754, 759 n. 2 (Pa. Super. 2002)). However, like the ***Ebersole*** panel, we are persuaded "by the reasoning set forth by the Commonwealth Court in ***Singleton***," and we therefore choose to follow it. ***Id.***

[3] While Appellant's counsel mentioned other items that were seized from Appellant's vehicle, such as a cell phone, "flashlights and … tools[,]" N.T. Hearing, 6/21/18, at 4, Appellant offered no evidence that he was entitled to lawful possession of that property. Additionally, to the extent he now argues on appeal that the Commonwealth erred by "unilaterally destroy[ing that] property without any notice" to Appellant, he did not raise this argument

$573.84, Appellant presented no evidence that he lawfully possessed that money, and the Commonwealth contended that at least part of that sum had been stolen from the victim. *See* N.T. Hearing at 2. Ultimately, the court gave Appellant credit for the full amount toward the restitution component of his sentence. Consequently, we discern no abuse of discretion by the court in this decision.

We also conclude that the court properly ordered the Commonwealth to return the $113.84 that was taken from Appellant's person at the time of his arrest. While that money was damaged due to its getting wet during Appellant's flight from police, Appellant's argument that "[t]he court … erred in permitting the Commonwealth to just 'turn over' the damaged money without finding that the Commonwealth failed to hold the evidence in safe keeping" was never raised before the trial court at the hearing. Thus, it is waived. *See* Pa.R.A.P. 302(a).

In sum, we discern no abuse of discretion in the trial court's decision to give Appellant a restitution credit for the money that was seized from his vehicle, and to order the Commonwealth to return the cash that was seized from his person when he was arrested.

Order affirmed.

_____

before the trial court. Thus, it is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/4/19</u>